HALL, Judge.
Plaintiff, Mary Ann Williams, sued defendants, Yellow Cab Company of Shreveport, Inc., and Fidelity General Insurance Company, seeking damages for personal injuries alleged to have been incurred by her while riding as a passenger in a taxicab owned by the defendant, Yellow Cab Company. Defendants denied the occurrence of the accident or that the accident, if it occurred, was caused by the negligence of the cab driver. Counsel for the insurance company withdrew because of the company’s insolvency and the trial proceeded against Yellow Cab Company. Judgment was rendered rejecting plaintiff’s demands, and plaintiff appealed. We affirm the judgment of the district court.
Plaintiff’s evidence consisted of her own testimony and that of her son, daughter and the doctor who treated her. The essence of plaintiff’s evidence is that on October 31, 1969, she was at her daughter’s house in Shreveport with her son and daughter. A cab was called to take plaintiff and her son, who was in the army and preparing to go overseas, to the army office downtown to pick up some money for the son’s plane ticket.
As the cab, identified as No. 91 by plaintiff, proceeded toward downtown, plaintiff was seated on the back seat on the right hand side. Her son was seated on the front seat on the right hand side. As the cab neared the intersection of Hope and Milam Streets (the testimony is unclear as to whether the cab was traveling on Hope or on Milam) the cab driver sped up in an attempt to pass under a caution light before it changed to red. As he did so, there were three young girls in about the middle of the street crossing into the path of the cab. The cab driver slammed on his brakes to prevent hitting the young girls, causing plaintiff to be thrown against the front seat of the cab and then onto the floor, resulting in injury to her left knee.
*887 The cab driver asked plaintiff if she was hurt and she replied she was hut there was no further conversation concerning the incident. Plaintiff and her son proceeded downtown in the cab, tended to their business, and returned to the daughter’s house. Later that day at plaintiff’s request, the daughter took her to a doctor who could not see plaintiff. Plaintiff then went to Dr. Reddix, who had his office nearby. The testimony is confusing as to exactly when plaintiff saw Dr. Reddix but he testified from his notes that he saw her first on the day of the accident. The doctor testified she came into his office on crutches complaining of pain over her body and particularly in her left knee. The doctor found a displaced patella, torn ligaments and arthritis. Plaintiff told the doctor she had been hurt while riding in a taxicab. The doctor treated her on numerous occasions the next few months. At one point in January, 1970, he discharged her as clinically healed, and then in July, 1973, reported her as discharged with irreversible degenerative disease of the knee. Although the doctor testified the symptoms he observed when he saw her were consistent with the traumatic incident she described, his testimony as to the causal relationship between the accident and the more serious problems with her knee is inconclusive.
Defendants’ evidence consisted of the testimony of a cab driver and of the supervisor and personnel manager of the cab company. The driver testified that at the time of the alleged accident cab No. 91 was assigned to him. He did not remember plaintiff or her son, and did not remember the incident complained of. He was not certain that he was working on the day of the alleged incident. The supervisor testified that it was company policy that accidents be reported to the office and to the police, and that he had no record of this accident being reported.
In brief written reasons for judgment, the trial court summed up its findings by stating:
“Simply stated, we do not accept the evidence offered by plaintiff and, for this reason,.reject her demands.”
The thrust of plaintiff’s appeal is that her evidence as to the occurrence of the accident and resulting injury is basically uncontradicted and therefore should have been accepted by the trial court. Our review of the evidence leads us to the conclusion that the trial court was justified in rejecting plaintiff’s demands on the basis that the evidence is inconclusive, contradicted to some extent, and self-defeating to some extent.
Lending support to the trial court’s rejection of plaintiff’s evidence are: (1) inconsistencies in the details of the accident within plaintiff’s own testimony and as compared with the testimony of her son; (2) inconsistencies in the testimony as to whether plaintiff saw the doctor the same day as the accident or the next day; (3) inconsistency between plaintiff’s evidence that her daughter called the cab company to report the accident and the testimony of the company’s supervisor that he had no record of the call; (4) inconsistency between plaintiff’s evidence as to the occurrence of the accident in cab No. 91, and the testimony of the driver to whom cab No. 91 was assigned that he did not remember plaintiff, her son, or the occurrence of the incident; (5) testimony by the supervisor that the accident was not reported by the driver in accord with company policy; (6) plaintiff’s testimony that she completed the trip in the cab to her downtown destination without significant complaint about her injury and without discussion of any consequences of the accident; (7) uncertainty in the medical evidence as to the causal relationship of the alleged accident with plaintiff’s knee problems, particularly in view of a previous injury to plaintiff’s knee which required sur *888 gery and hospitalization; (8) lack of sufficient evidence as to the circumstances of the accident to support a finding of negligence on the part of the cab driver, particularly in view of plaintiff’s own testimony as to the sudden emergency which confronted the driver.
The evaluation by the trial court of the evidence bearing on the factual issues involved in this case, depending largely on the credibility of plaintiff’s witnesses, is entitled to great weight. We find no manifest error in the decision of the district court.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s cost.
Affirmed.